No. 16,040.

Gerick v. Brock.
(210 P. [2d] 214)

Decided September 6, 1949.

Mr. F. W. HARDING, ONALEE BROWN, for plaintiff in error.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, Mr. W. H. CLARK, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error was defendant in the trial court and the parties will be herein referred to as they there appeared, namely, plaintiff and defendant.

Plaintiff filed his complaint in tort on September 23, 1943, alleging that on the 19th day of April, 1943, in the City and County of Denver, he was assaulted by the defendant; that by reason of such assault he suffered numerous wounds about the head and body and a double fracture of his right leg above the ankle; that he sustained great pain and suffering to his damage in the sum of twenty thousand dollars; that he was confined in St. Anthony's hospital for a period of nine days and incurred hospital, medical and other incidental expenses, and will incur future medical care and treatment; that having been unable to carry on his regular business as a salesman, he had lost wages and earnings in an addi-

tional amount of eighteen hundred dollars; that the assault was attended by circumstances of malice and insult and a wanton and reckless disregard of plaintiff's rights and feelings, and, therefore, plaintiff is entitled to exemplary damages in the sum of five thousand dollars. A second cause of action was for commissions due plaintiff from defendant.

Defendant answered, admitting certain parts of plaintiff's second cause of action and further denied the allegations of assault by alleging that at the time plaintiff had been discharged from the employ of defendant and was drinking and quarrelsome and had been ordered to . remain away from defendant's premises. However, on said date, the plaintiff entered the premises and restrained the defendant in the use of his automobile by holding on to the doors and windows thereof when defendant attempted to drive away; that defendant, in order to secure free use of his automobile, shoved plaintiff away therefrom, using only such force as was reasonably necessary under the circumstances.

The second cause of action was settled and the case proceeded solely on the first cause of action. That because of the absence of witnesses in the military services, and illness, trial of the case was delayed until December 18,1946, when in the course of the trial, the court declared a mistrial and discharged the jury. A second trial was had on September 29, 1947, resulting in a jury verdict for plaintiff in the sum of forty-five hundred dollars actual damages and one thousand dollars exemplary damages, which, together with interest, made a total of six thousand eight hundred twenty dollars for which judgment was entered against the defendant on which he now seeks a reversal in this court on the following principal specifications of points: 1. That the evidence was insufficient to support the verdict for actual damages, including loss of earnings and future pain and suffering; 2. Refusal of the court to permit proof of plaintiff's hospitalization in Seattle for alcoholism; 3.

Error in giving instruction No. 12 over defendant's objection; 4. Refusal of the trial court to give defendant's tendered instructions Nos. 1, 3 and 4; 5. That the verdict was excessive and the result of passion and prejudice.

The evidence as to the alleged assault and denial thereof is in conflict. However, the jury determined that question in plaintiff's favor, which in effect means from the findings of the jury that defendant assaulted plaintiff using more force than was necessary under the circumstances, with the result that plaintiff was injured as hereinbefore mentioned; that his leg was placed in the cast and he remained in the hospital for nine days and other casts were applied and the last one removed September 10, 1943; that the plaintiff walked with crutches during that time and afterwards required the use of a cane until the early part of 1944; that plaintiff limps and suffers aches and pains in his leg; that his right foot is turned out from a normal position and he cannot walk in a straight line; that his right leg is three-fourths of an inch shorter than his left leg and he is required to wear a built up shoe; that he has suffered a partial loss of hearing in his left ear; that prior to the assault, he had no defects in his legs or hearing; and that some of the injuries he sustained are permanent. We do not attempt to detail the testimony; however, it is sufficient to say that the evidence generally supports the jury's finding as to liability.

Defendant's tendered instruction No. 1 is as follows: "You are instructed that there is evidence in this case that the witness, Evan League, has made a statement out of Court concerning a substantial matter in controversy, materially different from what he has stated on the witness stand and that such 'evidence tends to impeach either the recollection or the truthfulness of the witness and you may consider the same in determining what weight should be given to his testimony.' "

Instruction No. 3 given by the court is an instruc-

tion on the matter of the credibility of witnesses and is in form generally approved by the courts of this state and sufficiently covers the substance of defendant's tendered instruction No. 1, which was properly refused by the court. The instruction as tendered has been generally condemned as emphasizing a particular fact in dispute and pointing out a single witness, and thereby defendant asks for a different rule as to credibility than that contained in the approved instruction.

Defendant's tendered instruction No. 4 was properly refused because the substance was fully covered by instruction No. 14 given by the court at the request of defendant.

■ Defendant specifies error to the giving of instruction No. 12, which is as follows: "The jury is instructed that, if your verdict is for the plaintiff, you should assess his actual damages in such sum as will reasonably and justly compensate him for the injuries sustained, taking into consideration his age and condition in life and the following items, insofar as they have been proven by the evidence: The injuries and nervous shock sustained by him; the physical and mental pain and anguish endured by him as a result of his injuries, if any, together with such as he will necessarily endure in the future, if any, resulting from said injuries; the amounts incurred for necessary medical, hospital and other expenses in connection with the treatment of said injuries, if any; the extent of permanent injuries and disability, if any, if you find plaintiff has suffered permanent injuries; the loss of plaintiff's earnings to date, if any, as a result of such injuries; but in no event shall his actual damages exceed the sum of Twenty-one Thousand Nine Hundred Ninety-two Dollars and Fifty Cents ($21,992.50)."

The objection as made is that the instruction permitted the jury to consider "the physical and mental anguish which the defendant [plaintiff] will necessarily endure in the future, if any, resulting from said injuries * * *."

It is to be seen that the court, by the instruction, first provided guidance for the jury, and then enumerated the various elements of damage which it could consider, if established by the evidence, all of which were to be considered together in arriving at a verdict. The part of the instruction offensive to defendant is a well-recognized element of damage and is for the consideration of the jury under all the evidence relating thereto.

That the plaintiff suffered permanent injury by the shortening of his leg, as shown by the testimony, cannot be disputed, and it would be difficult to surmise an injury with much greater degree of permanency, and to deprive him of the right to have the jury consider this as a major element of damage would have been grievous error.

Plaintiff was in a hospital in Seattle, Washington, in August of 1943 because of a nervous condition. According to his testimony, this was about four months following the assault and lasting for a period of about eight days. Plaintiff was admitted to Mount Airy Sanitarium in Denver, upon his own application, July 4, 1946, and gave as a part of his history the information that he was in a hospital in Seattle in 1943. He was attended and treated by Dr. Carlson and was received by Mrs. Carl F. Pearson, the record clerk. Defendant claims that the court erred in denying him the right to examine Dr. Carlson as to the entire history of plaintiff at the time of the admission to Mount Airy, and claims he could show by such admission record that plaintiff was admitted to the Seattle sanatorium for alcoholism. Plaintiff testified that Dr. Carlson, upon the occasion in question, attended him as his physician and gave him treatment. Plaintiff's counsel objected to any further interrogation of Dr. Carlson on the ground that any information given Dr. Carlson by the plaintiff in connection with his application for admission for a nervous disorder was a privileged communication. The relationship of physician and patient was clearly shown to exist, and

under our statues, section 9, Fourth, chapter 177, '35 C.S.A., a physician, without the consent of his patient, is prohibited from disclosing any information however acquired in attending him, therefore, no error was committed by the trial court in this regard. *Colorado Fuel & Iron Co. v. Cummings,* 8 Colo. App. 541, 46 Pac. 875.

From our examination of the record herein, we believe the verdict is supported by the evidence both as to liability and amount, and nothing appears to suggest that the verdict was the result of passion and prejudice on the part of the jury. We do not consider it necessary to consider other errors specified which are, in our opinion, without merit.

Judgment affirmed.